CHARLES W. L. ROCHE et al.

*v.*

GEORGE HOYT et al.

[Argued May 15th, 1906. Decided July 9th, 1906.]

1. A bill, seeking relief which will vary a decree previously made in a cause for specific performance of an agreement for exchange of lands upon allegations of facts subsequently discovered which, if proved, will justify relief, is good upon demurrer.

2. While parties to a fraudulent transaction are, as respects each other, bound thereby, a court of equity will neither enforce nor avoid the transaction at the demand of either party.

---

On demurrer.

*Messrs. E. C. & A. W. Harris,* for the complainants.

*Mr. William A. Lord,* for the defendant George Hoyt.

MAGIE, CHANCELLOR.

The bill in this cause is filed by Charles W. L. Roche and the Security Realty Company against George Hoyt and David L. Osborne, and its purpose is to procure a decree requiring the defendant Hoyt to satisfy, cancel and discharge a mortgage upon certain lands, or for other relief.

The facts stated in the bill as the ground for such relief are briefly as follows: On October 3d, 1905, a decree was made in this court, in a cause in which Roche was complainant and Osborne was defendant, to the effect that certain articles of agreement between Roche and Osborne should be specifically performed by Osborne, and that Osborne, within ten days, should satisfy and discharge a mortgage of $2,000, given by him to the defendant Hoyt, upon certain lands on Oakwood avenue, in the city of Orange, and that Osborne should make, execute, acknowledge and deliver to Roche a warranty deed for those lands upon Roche conveying to Osborne certain lands on Grove street, in Orange, mentioned in said agreement between Roche and Osborne.

By an order in the cause, on November 9th, 1905, upon a report made by a master, it was further ordered and decreed that Roche should deliver to the master a deed of conveyance from the Security Realty Company to Osborne for the lands on Grove street, and that Osborne should make, execute and deliver to Roche a warranty deed for the lands on Oakwood avenue, and that Osborne should pay to Roche $1,714.93, with interest from November 4th, 1905, with the taxed costs, and that the deed of Roche to Osborne should remain in the hands of the master until that payment should be made. It is then stated that the decree for the payment of money by Osborne was made because, after the contract between Roche and Osborne for exchange of lands, a mortgage purporting to have been made July 2d, 1904, by him to George Hoyt, upon said land, was recorded on the 16th day of February, 1905, which was the mortgage which the decree directed Osborne to pay and satisfy, and the second order was

made because he failed to obey the decree in that respect, and the master's report fixed and adjusted the amount to be paid by Osborne before receiving the conveyance of the Grove street lands from Roche.

The bill further states that Roche had the final decree recorded in the register's office of Essex county, and that afterward Roche made and delivered a deed of conveyance of the Oakwood avenue lands to the Security Realty Company.

The bill then proceeds to state that since the making of the final decree and the conveyance to the Security Realty Company the complainants have discovered that the mortgage given by Osborne to Hoyt was without consideration, and was placed on record the day before the contract of exchange between Roche and Osborne was to be performed, and that the mortgage was not only made without consideration, but by the contrivance of Hoyt and Osborne for the purpose of enabling Osborne to escape the performance of his contract to convey the Oakwood avenue property.

The bill then states that if the mortgage be annulled, Roche will become indebted to Osborne in a small amount, being the difference between the decree and costs in said cause and the amount of said mortgage, and the complainants offer to pay Osborne whatever may be thus found due, and to satisfy and discharge the decree obtained by Roche against Osborne, and to have the deed of conveyance now lodged with the master delivered to Osborne.

To this bill a demurrer is interposed by George Hoyt. The main contention is that there is no equity in the bill justifying the relief sought.

It is first contended that the bill leaves it uncertain whether or not Roche has not enforced his decree against Osborne for the payment of money and received the amount which that decree required Osborne to pay. The bill does fail to expressly state that the decree for the payment of money remains unsatisfied, but the implication and inference from what is stated to that effect is so strong that I think the demurrer cannot prevail upon this ground.

It is next contended that as the bill declares that Roche ac-

cepted the decree, recorded it so as under the statute to give him a title to the lands required to be conveyed by Osborne, and obtained a decree for the payment of money upon an accounting into which the mortgage to Hoyt entered, and has conveyed away the property to the Security Realty Company, he may not now, by a bill such as this, seek a varied relief.

I am unable to adopt this view. If Roche had known, at the time he filed his bill for specific performance, or at the time he sought for and obtained a decree upon that bill, that the mortgage made by Osborne to Hoyt was not only without consideration, but was a fraudulent contrivance between Osborne and Hoyt to hinder him in the performance of the contract of exchange, obviously he might have had the relief he now seeks in this bill. But he was ignorant of the facts which he now relies on, and took his decree as the matter was then presented to the court and assumed to be true by him. The decree which this bill seeks will no doubt vary the decree previously made, but if he makes proof of the facts stated in his bill, that decree ought to be varied. Whether this bill is a bill for relief, or a bill in the nature of a bill for relief, or an unclassified bill, is, in my judgment, immaterial. What he has now discovered entitles him to seek a varied relief, and if the facts are proved, that relief ought to be granted to him. The bill is not objectionable on this ground.

It is further contended that the bill ought to proffer the payment which will be coming from Roche if the mortgage is set aside, not to Osborne, but to Hoyt. The contention is that, assuming what the bill states and the demurrer admits, the mortgage was without consideration, and contrived in fraud, it yet is a valid instrument as between Osborne and Hoyt, and appeal is made to the well-settled doctrine that such fraudulent transactions are valid and unimpeachable as between the parties thereto. Such is the undoubted rule in respect to all conveyances and transfers of property intended to defraud creditors. In respect to such transactions, neither party is entitled to the aid of a court of equity. *Schenck* v. *Hart, 32 N. J. Eq. (5 Stew.) 774.*

The like doctrine is undoubtedly applicable to other transac-

tions conceived and carried out for the purpose of fraudulently diminishing or defeating the right of third parties. Such transaction will neither be enforced nor avoided at the demand of either of the parties thereto. The doctrine is derived from the maxim *"In pari delicto, potior est conditio possidentis."* *Brown* v. *Carpenter,* 57 *N. J. Eq.* (*12 Dick.*) *23.* What the court would not do by any direct proceeding it will not permit to be done indirectly.

The complainants are entitled, if they make out a case by sufficient proof, to have the mortgage discharged. Whether Hoyt may have any claim thereafter upon Osborne is a matter to be settled in another proceeding or elsewhere. The demurrer is not successful upon this ground.

Upon the whole case, I think the bill is good, and the demurrer will be overruled.